PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MARY H. WOJNO, In Her Capacity as the Trustee of the MARY H. WOJNO REVOCABLE TRUST, on Behalf of Itself and All Others Similarly Situated, *et al.*, | ) ) CASE NO. 5:16CV00461 ) ) ) JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FIRSTMERIT CORPORATION, *et al.*, | ) ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 66] |

Pending is non-party W. Patrick Murray's Motion to Vacate Dkt. Nos. 46 and 63 and for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Counsel Pursuant to the PSLRA ("motion"), ECF No. 66.  Plaintiffs and Defendants filed separate oppositions to the motion, *see* ECF Nos. 69 and 70.[1]  Murray filed a reply, ECF No. 72.

For the reasons set forth below, the motion (ECF No. 66) is denied.

---

[1] Defendants also join in the arguments made in Plaintiffs' opposition.  ECF No. 70 at PageID #: 2195.

(5:16CV00461)

### I.  Background

This is a consolidated action composed of three separate class and derivative complaints filed in the Northern District of Ohio, by and on behalf of shareholders of FirstMerit Corporation.[2]  *See* ECF Nos. 45 and 46.   Plaintiffs allege that, in connection with the proposed merger of FirstMerit and Huntington Bancshares, Inc, "Defendants breached their fiduciary duties and/or aided and abetted breaches of fiduciary duties . . . and violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") by disseminating [a] materially misleading Preliminary Proxy."  *See* ECF No. 69 at PageID #: 2145; ECF No. 1, Case No. 5:16CV00723.

Upon consolidating the actions, the Court appointed Interim Lead Plaintiffs and Interim Co-Lead Counsel, pursuant to the parties' request.[3]  *See* ECF No. 46 at PageID #: 827-28.  Prior to consolidation, Plaintiff Wojno (joined by Plaintiff Wilkinson) moved the Court for limited expedited discovery and proceedings to support a forthcoming motion for preliminary injunction. ECF No. 15.  After confirming Defendants' intention to file a motion to dismiss (*see* ECF Nos. 42 and 43), the Court denied Plaintiffs' request to lift the discovery stay mandated by the Private Securities and Litigation Reform Act of 1995 ("PSLRA").  *See* ECF No. 47.

---

[2]  The cases are captioned as follows: (1) Case No. 5:16CV00461 *Wojno v. FirstMerit Corporation*, *et al.*; (2) 5:16CV00723 *Wilkinson v. FirstMerit Corporation*, *et al.*; (3) 5:16CV00762 *Hafner v. Greig*, *et al.*

[3]  The parties also designated Case No. 5:16CV00461 *Wojno v. FirstMerit Corporation, et al.* as the Lead Case, and the complaint in 5:16CV00723 *Wilkinson v. FirstMerit Corporation, et al.* as the Operative Complaint.  *See* ECF No. 45.

(5:16CV00461)

After its draft proxy statement cleared SEC review, FirstMerit announced that the shareholder vote on the proposed merger would take place on Monday, June 13, 2016.  ECF No. 59-1 at PageID #: 1611.  Plaintiffs filed a motion for preliminary injunction, seeking to enjoin the shareholder vote until Defendants make certain disclosures to shareholders.  *See* ECF No. 53.  Defendants opposed the injunction motion (*see* ECF No. 59) and filed a motion to dismiss (*see* ECF No. 55-1).  The Court scheduled a hearing on the injunction motion for June 10, 2016.  ECF No. 61.

On June 7, 2016, the parties filed a Joint Motion for Stay of All Proceedings and Withdrawal of Motion for Preliminary Injunction.  ECF No. 62.  The parties informed the Court that they had "reached an agreement in principle to settle the action in exchange for certain supplemental disclosures filed today by FirstMerit Corporation with the U.S. Securities and Exchange Commission on Form 8-K."  *Id.*  For good cause shown, the Court granted the joint motion.  *See* ECF No. 63.  The Court cancelled the preliminary injunction hearing, and stayed all proceedings in the case for 30 days to allow the parties to confer and provide a settlement agreement for the Court's consideration.  *Id.*

After the Court had stayed the case, non-party W. Patrick Murray filed a notice of his intent to file a lead plaintiff motion.  ECF No. 64.  Plaintiffs submitted a responsive letter explaining their opposition.  ECF No. 65.  On June 13, 2016, the day of the shareholder vote, Murray filed the motion under review (ECF No. 66), urging the Court to (1) vacate the Stipulation and Consent Order Establishing an Organizational Structure (ECF No. 46), (2) lift the stay of the case, (3) appoint him as Lead Plaintiff, and (4) approve his selection of Lead Counsel.

3

(5:16CV00461)

PageID #: 2014. Defendants subsequently filed a notice that FirstMerit and Huntington's shareholders had "voted overwhelmingly to approve the proposed merger." *See* ECF No. 67 at PageID #: 2123 (relaying that, of the shares that were voted, approximately 98% of FirstMerit shares and approximately 99% of Huntington shares were cast in favor of the proposed merger).

## II. Non-Party's Involvement in Related Litigation

Plaintiffs have advised the Court of Murray's involvement in parallel state court litigation, and the parties' unsuccessful solicitations for Murray's involvement in the case at bar:

> Murray, while not a party to this action, is one of two plaintiffs (the "State Plaintiffs") who filed lawsuits challenging the Merger in the Court of Common Pleas for Summit County, Ohio (the "State Actions"). Murray filed a class action and derivative complaint on February 11, 2016, alleging only violations of state law. Murray filed an amended complaint on April 6, 2016 following the filing of the Preliminary Proxy, again alleging only violations of state law. The claims in the State Actions are identical to the claims in this case, except that the State Plaintiffs elected not to allege federal securities laws claims.
>
> On April 6, 2016, the State Plaintiffs moved for limited expedited discovery, purportedly in support of their forthcoming motion for preliminary injunction. That motion was denied on May 20, 2016. *See* Declaration of Shannon L. Hopkins ("Hopkins Decl.") Ex. 1. After filing their discovery motion, the State Plaintiffs did nothing to secure the disclosure of information that they alleged rendered the proxy materials materially misleading. *Id.* Despite informing the court in the State Actions in April 2016 that a motion for preliminary injunction was "forthcoming," no such motion was ever filed. *Id.*
>
> On May 20, 2016, the state court granted Defendants' motion to stay the State Actions. The state court reasoned that the claims in the State Actions would be fully adjudicated in this action, and thus that a stay was in the interest of judicial economy. Hopkins Decl., Ex. 2 ("In this case, it appears the forum for which there will be a more complete disposition is federal court.")
>
> Both before and after the State Actions were stayed, the State Plaintiffs declined every opportunity to participate in this action. The State Plaintiffs declined Defendants' multiple invitations to join the consolidated Federal Action in order to conserve judicial and party resources and avoid inconsistent

(5:16CV00461)

> adjudications. Hopkins Decl., ¶ 2, Ex. 4. During the negotiation of the agreement in principle to settle this case, the State Plaintiffs actively resisted opportunities to coordinate efforts with the Lead Plaintiffs and achieve a global resolution in the best interest of FirstMerit stockholders. *Id.*, ¶ 3. Even after the State Actions were stayed, Lead Plaintiffs again invited the State Plaintiffs to participate in settlement discussions, which they refused. The State Plaintiffs also forewent any opportunity to intervene in this action, including during the two months between Lead Plaintiffs filing their Stipulation and [Proposed] Order Establishing an Organizational Structure and the parties moving to the stay this case in light of their agreement in principle to settle.

ECF No. 69 at PageID #: 2149-50.

Defendants also detailed the failed attempts to involve Murray in this litigation:

> The parties to this proceeding offered Murray, who is pursuing parallel litigation in Ohio state court, an opportunity to participate in this case at its inception. Murray declined. After initiating a settlement dialogue, the parties offered to Murray an opportunity to participate in the settlement discussions. Murray again declined. After the state court stayed his duplicative action, Murray took no action for weeks, despite knowing that the parties to this case were actively negotiating a settlement, and despite being invited to join those settlement discussions.

ECF No. 70 at PageID #: 2194.

Murray's filings at ECF Nos. 64 and 66 are conspicuously devoid of mention of the parallel state court litigation, and the parties' efforts to include him in this litigation. After the parties brought to light their attempts to include him, Murray recounted his rejection of the invitation to engage in settlement discussions:

> On June 2, 2016, when 'the parties offered to Murray an opportunity to participate in the settlement discussions,' Dkt. No. 70 at 1, Mr. Murray's counsel responded on June 2, 2016 as follows:
>
>> Since your client has not been appointed as lead plaintiff pursuant to the PSLRA, you are not permitted or authorized to engage in any settlement discussions on behalf of the class. We plan to seek appointment in your action. We demand you cease and desist until the lead plaintiff process is concluded.

5

(5:16CV00461)

ECF No. 72 at PageID #: 2231-32.

### III.  Discussion

#### A.  Appointment of Lead Plaintiffs

In the motion under review, Murray contends,

> In securities class actions, the PSLRA requires district courts to 'appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members.' *See* 15 U.S.C. §78u-4(a)(3)(B)(I). Mr. Murray respectfully submits that he should be appointed as lead plaintiff because he: (1) timely filed this motion; (2) to his counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

ECF No. 66-1 at PageID #: 2008.

Murray makes much of the parties' alleged failure to inform the Court of the PSLRA's provisions at the time the Interim Lead Plaintiffs sought appointment.  *See* ECF No. 72 at PageID #: 2231.  The refrain that the Court was unaware of the PSLRA or that the parties circumvented it are fanciful.  The Court was well aware of the PSLRA and its provisions.  *See* ECF No. 1 at PageID #: 47 in Case No. 5:16CV00723 (Interim Lead Plaintiff Wilkinson, who filed the Operative Complaint, provided a PSLRA certification).  Not only do those provisions set out the rubric for assessing a lead plaintiff motion, they require that the Court act swiftly in appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii) ("*As soon as practicable* after [the decision to consolidate] is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions . . . .") (emphasis added).  Accordingly, the Court appointed Lead Interim Plaintiffs on the date it consolidated the actions—more than one month before Murray

6

(5:16CV00461)

sought appointment.[4]  *See* ECF Nos. 45 and 46.  It would not have been appropriate (or even sensible) for the Court to delay appointing a class representative until the expiration of the cutoff for filing a lead plaintiff motion as Murray suggests.

Now that Murray, at the eleventh hour, has taken interest in this litigation, assuming *arguendo* that he is entitled to the presumption that he is the most adequate lead plaintiff, Plaintiffs have successfully rebutted the presumption.  To accomplish this, they have shown that Murray "will not fairly and adequately protect the interests of the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

### B. Fair and Adequate Representation

The Sixth Circuit looks to two criteria in determining the adequacy of a potential class representative: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives *will vigorously prosecute the interests of the class* through qualified counsel."  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996))(emphasis added).

The parties have detailed Murray's refusal, after more than one invitation, to participate in this litigation and the parties' settlement discussions.  *See* ECF No. 69 at PageID #: 2149-50;

---

[4] Contesting the Court's appointment of Lead Interim Plaintiffs, Murray asserts, "[T]he parties agreed to an early leadership structure and filed it with the Court before the PSLRA's 60-day window to seek appointment began."  ECF No. 72 at PageID #: 2231. This argument is specious.  Though the parties submitted their proposed leadership structure four days in advance of the commencement of the 60-day period, *see* ECF Nos. 16, 17 and 64-1, the Court did not approve the proposed structure until nearly one month after the period began, *see* ECF Nos. 45 and 46.

7

(5:16CV00461)

ECF No. 70 at PageID #: 2194.  Murray's reply does not refute these contentions.  In fact, aware that the parties were engaged in settlement discussions, Murray did nothing more than urge them to cease their discussions in favor of his *intention* to file a lead plaintiff motion.  *See* ECF No. 72 at PageID #: 2231-32.  That motion did not materialize until the last possible day permitted by the PSLRA—as it so happens, the day of the shareholder vote.  Furthermore, Murray failed to demonstrate any interest during pivotal points in the litigation.  For example, the Interim Lead Plaintiffs filed a motion for preliminary injunction (ECF No. 53) that was fully briefed (*see* ECF Nos. 59 and 60) and was set for a hearing (ECF No. 61).  The parties and the Court worked diligently to prepare for the hearing.  Had the parties not agreed to settle the case in principle, the Court would have rendered its determination on the injunction motion only one business day before the shareholder vote.  All the while, Murray was silent.

Murray's supineness wholly discourages the Court that he would vigorously prosecute the interests of the class.  Plaintiffs have satisfied the Court that Murray will not fairly and adequately serve as lead plaintiff.

**C. Settlement Agreement**

Murray intones,

> [I]t is premature for any named plaintiff to settle and release any of the putative class's claims before a lead plaintiff is appointed by the Court. Consequently, the Court should vacate the prior leadership Stipulation (Dkt. No. 46) and decline to consider any purported settlement until after the Related Actions are consolidated and a lead plaintiff and lead counsel have been duly appointed pursuant to the PSLRA. *See Lambert v. Tellabs, Inc.*, No. 13 C 7945, Order (N.D. Ill. Apr. 25, 2014) (deferring consideration of preliminary approval motion until after the lead plaintiff and lead counsel issues are resolved) (previously attached as Dkt. No. 64-2).

(5:16CV00461)

ECF No. 66-1 at PageID #: 2009.  Murray has not provided the Court with any binding legal authority to support the proposition that interim lead plaintiffs/counsel may not settle an action prior to the expiration of the cutoff for a lead plaintiff motion.[5]  Nor is such a proposition sound, as it would encourage potential lead plaintiffs to sandbag the active parties, and would impede the ability of the Court to assist the parties in reaching negotiated resolution.

Taking issue with the terms of the proposed settlement, Murray contends that it "offers *zero* economic benefit to FirstMerit stockholders: the only consideration being provided to shareholders is disclosure of additional information relevant to the Proposed Transaction."  ECF No. 72 at PageID #: 2237 (emphasis in original).  He asserts that such disclosure agreements are merely veiled attempts at extracting attorney fees.  *See id.* at PageID #: 2237-39.  Murray fails to acknowledge that the disclosures are, in fact, the main relief sought in this action.  *See e.g.*, Operative Complaint, ECF No. 1 at PageID #: 6-7 ("To remedy Defendants' Exchange Act violations and breaches of fiduciary duties, Plaintiff seeks injunctive relief preventing consummation of the Proposed Transaction unless and until the material information discussed below is disclosed to FirstMerit stockholders . . . .").

---

[5]  To support his claim that the Interim Lead Plaintiffs did not have authority to settle the case, Murray cites to a Northern District of Illinois Order, wherein the court declines to address the parties' motion for preliminary approval of the settlement agreement until after the lead plaintiff and lead counsel issues are resolved.  *See* ECF No. 66-1 at PageID #: 2009 (citing *Lambert v. Tellabs, Inc.*, No. 13 C 7945, Order (N.D. Ill. Apr. 25, 2014))(attached at ECF No. 64-2).  At best, this is persuasive authority.  And, the Court is not persuaded.  The text of the Order does not indicate that the court was *required* to delay its consideration of the preliminary settlement agreement because there is no such requirement.

9

(5:16CV00461)

      Had Murray accepted the invitation to participate in settlement discussions, he could have negotiated for a resolution he and his counsel found suitable.  Nevertheless, Murray is still not left without recourse.  If the negotiations successfully conclude and the parties submit a proposed settlement agreement to the Court, and Murray remains dissatisfied, Murray will be afforded an opportunity to object.  *See* Fed. R. Civ. P. 23 (e)(5) ("Any class member may object to the proposal if it requires court approval under this subdivision (e) . . . .").  And, of course, such an opportunity to object is anticipated by the parties' settlement efforts.  *See* ECF No. 71 ¶ 3.

      The Court vested Interim Lead Plaintiffs with the authority to settle this matter.  Defendants relied on the Court's Order in making its disclosures to the shareholders.  And, the shareholders relied on Defendants' disclosures in approving the proposed merger.  *See* Order, ECF No. 46 at PageID #: 828 ("Co-Lead Counsel is vested by the Court with the following responsibilities and duties: . . . To initiate and conduct all settlement negotiations with counsel for the defendants . . . .").  Murray has given no sound reason for the Court to disrupt the parties' settled and justified expectations.

### IV.  Conclusion

For the foregoing reasons, the motion (ECF No. 66) is denied.


      IT IS SO ORDERED.


| | |
|---|---|
|  July 8, 2016  |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |