PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARY H. WOJNO, In Her Capacity as the Trustee of the MARY H. WOJNO REVOCABLE TRUST, on Behalf of Itself and All Others Similarly Situated, *et al.*, | ) ) CASE NO. 5:16CV00461 (Lead Case) ) ) ) JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) |
| v. | ) ) |
| FIRSTMERIT CORPORATION, *et al.*, | ) **SCHEDULING ORDER AND** ) **ORDER PRELIMINARILY** ) **APPROVING PROPOSED** |
| Defendants. | ) **SETTLEMENT** [Resolving ECF No. 78] |

On October 7, 2016, the Court held a Preliminary Approval Hearing regarding the Unopposed Motion for Preliminary Approval of Settlement, Notice, and Class Action Settlement (ECF No. 78) filed by Plaintiffs. The Parties, by and through their respective counsel, have agreed to settle the above-captioned consolidated putative shareholder class action (the "Action"). The Parties to the Action have applied, pursuant to FED. R. CIV. P. 23(e), for an Order preliminarily approving the proposed Settlement of the Action in accordance with the Stipulation of Settlement entered into by the parties on September 28, 2016 (the "Stipulation"), and for the dismissal of the Action upon the terms and conditions set forth in the Stipulation.

Having considered the reasons articulated in the motion as well as those presented to the Court during the hearing and the joint supplemental submissions, as amended (ECF No. 87), the Court issues the following orders:

(5:16CV00461) (Lead Case)

1. This Order incorporates and makes part hereof the Stipulation (ECF No. 78-2), including the relevant Exhibits thereto. Unless otherwise defined, the capitalized terms in this Order have the same meaning as they have in the Stipulation.

2. The Court preliminary concludes, based on the information submitted to date, that each of the provisions of FED. R. CIV. P. 23 has been satisfied, and that the Action can properly be maintained as a class action for settlement purposes according to the provisions of FED. R. CIV. P. 23(a), 23(b)(1), and 23(b)(2). Specifically, the Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Plaintiffs as representative plaintiffs are typical of the claims of the Class; (d) the Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class; and (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for Defendants and/or the Action alleges that Defendant acted or refused to act on grounds that apply generally to the Class, such that final injunctive relief is appropriate respecting the Class as a whole.

3. Solely for purposes of the Settlement, the Action shall be preliminarily certified and maintained as a non-opt-out class action, pursuant to FED. R. CIV. P. 23(a), 23(b)(1), and 23(b)(2). Accordingly, the Court preliminarily certifies a class that includes:

> any and all record holders and beneficial holders of FirstMerit stock who held or owned such stock at any time during the period beginning on and including January 26, 2016 through and including August 16, 2016 (the closing date of the Merger), including any and all of their respective predecessors-in-interest, predecessors, successors-in-interest, successors, trustees, executors, administrators,

(5:16CV00461) (Lead Case)

>estates, heirs, assigns, and transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns (the "Class"). (Excluded from the Class are Defendants, members of their immediate families, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendants, and the legal representatives, heirs, successors, and assigns of such excluded Persons.)

4.  The proposed Settlement, as embodied in the Stipulation and the relevant Exhibits ~~attached~~ at ECF No. 78-2, is hereby preliminarily approved as fair, reasonable, adequate, and in the best interests of the Class, subject to further consideration at a final hearing on the proposed Settlement (the "Fairness Hearing"). In approving the proposed Settlement, among other things, the Court has considered: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. The Court concludes that these factors support approval.

5.  The Fairness Hearing before Judge Benita Y. Pearson shall be held no earlier than 90 days from the entry of this Order in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio 44503, to:

>a. Determine whether the preliminary certifications herein should be made final;
>
>b. Determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;
>
>c. Determine whether a Final Judgment (in the form attached to the Stipulation as Exhibit B) should be entered in the Action pursuant to the Stipulation;

(5:16CV00461) (Lead Case)

>d. Consider the joint application of Plaintiffs and Plaintiffs' Counsel for an award of attorneys' fees and expenses;
>
>e. Hear and determine any objections to the Settlement or the application of Plaintiffs' Counsel in the Action for an award of attorneys' fees and expenses; and
>
>f. Consider other matters that the Court deems appropriate.

6. The Court reserves the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees, without further notice of any kind other than oral announcement at the Fairness Hearing or any adjournment thereof.

7. At least forty-five (45) days prior to the Fairness Hearing, FirstMerit, or its successor in interest, shall cause the Notice, substantially in the form attached hereto as Exhibit A ("Summary Notice"), to be mailed by United States mail, postage pre-paid, to all reasonably identifiable members of the Class at their last known addresses set forth in the stock transfer records maintained by or on behalf of FirstMerit.  All record holders in the Class who were not also the beneficial owners of the shares of common stock of FirstMerit held by them of record are requested to forward the Notice to such beneficial owners of those shares.  FirstMerit, or its successor in interest, shall use reasonable efforts to give notice to such beneficial owners by (a) making additional copies of the Notice available to any record holder who, prior to the Fairness Hearing, requests copies for distribution to beneficial owners, or (b) mailing additional copies of the Notice to beneficial owners as reasonably requested by record holders who provide names and addresses for such beneficial holders.  FirstMerit, or its successor in interest, shall be responsible for and shall pay all costs and expenses incurred in providing such Notice to the members of the Class.

4

(5:16CV00461) (Lead Case)

8. Plaintiffs' Counsel shall cause to be published an internet website containing a copy of the Notice, a long form notice substantially in the form attached hereto as Exhibit B ("Long Form Notice"), and a copy of the Stipulation (ECF No. 78-2) and its relevant Exhibits, as executed by the Parties on September 28, 2016.  A copy of the Long Form Notice and Stipulation shall also be made available to those interested Class Members that make a request of Plaintiffs' Counsel.

9. The Court approves, in form and substance, the Notice and Long Form Notice, substantially in the forms described in ¶¶ 7 and 8 of this Order.  The Court finds that the form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Fairness Hearing to all Persons entitled to receive such notice, and fully satisfies the requirements of due process, FED. R. CIV. P. 23, and applicable law.

10. At least seven (7) calendar days prior to the date of the Fairness Hearing, Defendants' Counsel shall file with the Court proof, by affidavit, of dissemination of the Notice, and proof, by affidavit, of notice to relevant public officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

11. At least twenty-one (21) calendar days prior to the Fairness Hearing, all papers including memoranda and briefs in support of the Settlement and attorneys' fees and expenses shall be filed and served.  If any objections to the Settlement are received or filed, Plaintiffs and/or Defendants may serve and file a brief in response to those objections no later than seven (7) calendar days before the Fairness Hearing.

Case: 5:16-cv-00461-BYP  Doc #: 88-1  Filed: 10/20/16  6 of 10.  PageID #: 2636

(5:16CV00461) (Lead Case)

12.  All proceedings in the Action, except for those proceedings related to the Settlement, shall be stayed until the resolution of all such Settlement-related proceedings. Subject to the order of the Court, pending final determination of whether the Settlement provided for in the Stipulation should be approved, each and all of the Releasing Persons, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any claims that are, or relate in any way to, Settled Claims (including Unknown Claims), either directly, representatively, derivatively, or in any other capacity, against any Released Person.

13.  Any member of the Class who objects to the Settlement, the Order and Final Judgment to be entered in the Action, and/or the joint application by Plaintiffs and Plaintiffs' Counsel for attorneys' fees and expenses, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing at the Class member's expense and present evidence or argument that may be proper and relevant.

14.  Any member of the Class who objects to the Settlement shall be heard, and any papers, briefs, pleadings, or other documents submitted by any members of the Class shall be considered by the Court, provided that not later than fifteen (15) calendar days prior to the Fairness Hearing, such Person sends a letter saying that the Member objects to the settlement in Case No. 5:16-CV-00461, *In re FirstMerit Corporation Shareholder Litigation*, in the United States District Court for the Northern District of Ohio.  The letter must include: (a) the Person's name, address, telephone number, and signature; (b) a detailed statement of the Person's specific objections; (c) the grounds for such objections and the reasons why such member of the Class

6

(5:16CV00461) (Lead Case)

desires to appear and be heard; and (d) documents or writings such Person desires the Court to consider. The Person must also include proof of membership in the Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of FirstMerit stock during the Class Period. The Person must mail or fax the objection to each of the addresses listed below:

    Office of the Clerk of Court [1]
    Thomas D. Lambros United States Court House
    125 Market Street
    Youngstown, OH 44503
    *See return copy instructions in footnote below.

    Michael J. Palestina
    KAHN SWICK & FOTI, LLC
    206 Covington Street
    Madisonville, LA 70447
    Tel: (504) 455-1400
    Fax: (504) 455-1498
    ***Attorneys for Lead Plaintiff Mary H. Wojno and Co-Lead Counsel***

    Shannon L. Hopkins
    LEVI & KORSINSKY, LLP
    733 Summer Street, Suite 304
    Stamford, CT 06901
    Tel: (203) 992-4523
    Fax: (212) 363-7500
    ***Attorneys for Lead Plaintiff Jack Wilkinson and Co-Lead Counsel***

    Brian D. Long
    RIGRODSKY & LONG, P.A.
    2 Righter Parkway, Suite 120
    Wilmington, DE 19803
    Tel: (302) 295-5310

---

[1] To receive a return copy from the Office of the Clerk of Court, the Person must include with their letter one (1) additional copy of the letter and a self-addressed stamped envelope. The Office of the Clerk of Court will stamp both copies and return one (1) copy to the sender.

(5:16CV00461) (Lead Case)

Fax: [Counsel shall insert fax number.]
**Attorneys for Lead Plaintiff Michael Hafner and Co-Lead Counsel**

Lazar P. Raynal
William P. Schuman
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL 60606
Tel: [Counsel shall insert telephone number.]
Fax: [Counsel shall insert fax number.]
**Attorneys for Individual Defendants**

Stephen DiPrima
Benjamin Klein
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel: [Counsel shall insert telephone number.]
Fax: [Counsel shall insert fax number.]
**Attorneys for Huntington Defendants**

15. Any Person who fails to object in the manner described in ¶ 14 shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Except for good cause shown, no Person other than Plaintiffs' Counsel and counsel for the Defendants shall be heard, and no papers, briefs, pleadings, or other documents submitted by any member of the Class shall be considered by the Court unless the Person objects in the manner described in ¶ 14. Settlement Class members who do not object need not appear at the Fairness Hearing or take any other action to indicate their approval.

16. Neither the Stipulation nor the Settlement, or any orders or judgments entered in connection with the Stipulation or the Settlement, the MOU, the negotiations leading up to or in

(5:16CV00461) (Lead Case)

connection with the Stipulation, or the MOU or the Settlement nor any action taken pursuant to or to carry out the Stipulation or the Settlement, including any documents produced in Confirmatory Discovery, is, may be construed as, or may be used as evidence or an admission by or against Defendants or the other Released Persons of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever but that the Stipulation and its exhibits and any order entered in connection therewith may be filed in the Action or related litigation as evidence of the Settlement, or to enforce its terms or in any other or subsequent action against or by the Released Persons to support a defense of *res judicata*, collateral estoppel, release or other theory of claim or issue preclusion or similar defense.

17. Any Person falling within the definition of the Class shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

18. If the Settlement is approved by the Court following the Fairness Hearing, a Final Judgment will be entered as described in the Stipulation.

19. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and counsel for Plaintiffs or Defendants elects to terminate the Settlement as provided for in the Stipulation, the Stipulation and this Order shall have no force or effect (other than as contemplated in the Stipulation), and all negotiations and statements made in connection therewith shall be without prejudice to any Person or entities' rights, and the Parties to the Action shall be restored to their respective positions existing prior to the execution of the MOU.

(5:16CV00461) (Lead Case)

20. The Court may, for good cause shown, extend any of the deadlines set forth in this Order or adjourn the date for the Fairness Hearing without further notice to members of the Class.

21. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settled Claims.

22. This matter is set for Fairness Hearing before Judge Benita Y. Pearson on [insert date], 2016 at [insert time a.m./p.m.] in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio 44503.

IT IS SO ORDERED.

_____, 2016         _/s/ Benita Y. Pearson_
Date         Benita Y. Pearson
        United States District Judge