**Exhibit B**

<u>**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**</u>

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

**TO: All record holders and beneficial holders of FirstMerit Corporation stock who held or owned such stock at any time during the period beginning on and including January 26, 2016 through and including August 16, 2016, including any and all of their respective predecessors-in-interest, predecessors, successors-in-interest, successors, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns.**

PLEASE READ ALL OF THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.

IF YOU HELD OR TENDERED THE COMMON STOCK OF FIRSMERIT FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

THIS NOTICE IS NOT INTENDED TO BE A COMPLETE DESCRIPTION OF THE SETTLEMENT. THE STIPULATION OF SETTLEMENT CONTAINS THE FULL AND COMPLETE TERMS OF THE SETTLEMENT, AND IS AVAILABLE AS SET FORTH BELOW.

## OVERVIEW

The purpose of this Notice is to inform you of the proposed settlement of the shareholder class action captioned *In re FirstMerit Corporation Shareholder Litigation,* Case No. 5:16-CV-00461, currently pending in the United States District Court for the Northern District of Ohio. The settlement resolves claims relating to the merger between FirstMerit Corporation and Huntington Bancshares, Inc. (the "Merger").

If you are a member of the Class (as defined below), you have the following rights and options in connection with the settlement, which are described in greater detail in this Notice:

| Your Legal Rights and Options in the Settlement | |
|---|---|
| DO NOTHING | You will be bound by the judgment entered by the Court if it approves the Settlement, including releasing the Settled Claims (as defined below). |
| OBJECT | You may write to the Court if you wish to object to the settlement. |
| GO TO THE FAIRNESS HEARING | You may attend and, subject to certain requirements described below, ask to speak at the fairness hearing. |

**WHAT THIS NOTICE CONTAINS**

| | | |
|---|---|---|
| **I.** | **BASIC INFORMATION** .................................................................................................. | **4** |
| 1. | What is the purpose of this Notice? ....................................................................... | 4 |
| 2. | What is this Action about? ..................................................................................... | 5 |
| 3. | Who are the named parties in the Action? ............................................................. | 5 |
| 4. | Why is this a class action? ...................................................................................... | 5 |
| 5. | Why is there a settlement? ..................................................................................... | 6 |
| **II.** | **WHO IS IN THE SETTLEMENT?** ................................................................................. | **6** |
| 6. | Who is a member of the Class? .............................................................................. | 6 |
| **III.** | **HOW DID THE ACTION REACH THIS POINT?** ......................................................... | **7** |
| 7. | Background of the Action ...................................................................................... | 7 |
| **IV.** | **WHAT ARE THE TERMS OF THE SETTLEMENT?** .................................................. | **9** |
| 8. | Summary of the Settlement .................................................................................... | 9 |
| 9. | Who are the "Releasing Persons"? ....................................................................... | 10 |
| 10. | Who are the "Released Persons"? ........................................................................ | 10 |
| 11. | What are the "Settled Claims"? ............................................................................ | 10 |
| **V.** | **THE LAWYERS REPRESENTING YOU** ..................................................................... | **11** |
| 12. | Do I have a lawyer in this case? ........................................................................... | 11 |
| 13. | How will the lawyers be paid? ............................................................................. | 11 |
| **VI.** | **OBJECTING TO THE SETTLEMENT** ......................................................................... | **11** |
| 14. | How do I tell the Court that I do not like the settlement? .................................... | 11 |
| 15. | Can I opt-out of or exclude myself from the Settlement? .................................... | 13 |
| 16. | Can I bring my own lawsuit against the Company? ............................................ | 13 |
| 17. | What if I support the Settlement – must I do anything? ...................................... | 13 |
| **VII.** | **THE COURT'S FAIRNESS HEARING** ........................................................................ | **13** |
| 18. | When and where will the Court decide whether to approve the Settlement? ...... | 13 |
| 19. | Do I have to come to the hearing? ........................................................................ | 14 |
| 20. | May I speak at the hearing? .................................................................................. | 14 |
| 21. | What is the Court being asked to do at the Fairness Hearing? ............................ | 14 |
| **VIII.** | **NOTICE TO PERSONS OR ENTITIES HOLDINGS SHARES ON BEHALF OF OTHERS** ........ | **15** |
| **IX.** | **GETTING MORE INFORMATION** .............................................................................. | **16** |
| 22. | Are there more details about the Settlement? ...................................................... | 16 |
| 23. | How do I get more information? .......................................................................... | 16 |
| 24. | Scope of this Notice ............................................................................................. | 17 |

## I. BASIC INFORMATION

**1. What is the purpose of this Notice?**

The purpose of this Notice is to inform you of the proposed settlement (the "Settlement") of the shareholder class action captioned at *In re FirstMerit Corporation Shareholder Litigation*, Case No. 5:16-CV-00461 (the "Action"), pending before the United States District Court for the Northern District of Ohio (the "Court"), on the terms set forth in the Stipulation of Settlement filed with the Court on September 28, 2016 (the "Stipulation").

This Notice also informs you that the Court has conditionally certified a Class (as defined below) for purposes of the Settlement and notifies you of your right to participate in a hearing to be held on _____, before the Court in the Thomas D. Lambros United States CourthouseCourt House, 125 Market Street, Youngstown, Ohio 44503 (the "Fairness Hearing").

The purpose of the Fairness Hearing is to:

- determine whether the Court should approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class and direct consummation of the Settlement in accordance with its terms and conditions;

- determine whether to certify the Class as a non-opt out class for purposes of the settlement pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(1), and 23(b)(2);

- determine whether Plaintiffs Mary H. Wojno, Jack Wilkinson, and Michael Hafner, who have been appointed as lead plaintiffs to act as representatives of the Class, and their counsel at the law firms of Kahn Swick & Foti, LLC, Levi & Korsinsky LLP, and Rigrodsky & Long, P.A., who have been appointed as co-lead counsel to the lead plaintiffs, have adequately represented the interests of the Class in the Action;

- determine whether to dismiss the Releasing Persons' (as defined below) claims with prejudice against the Released Persons (as defined below);

- determine whether to permanently bar and enjoin the members of the Class from instituting, commencing, prosecuting, participating in, or continuing any action or other proceeding in any court or tribunal of this or any other jurisdiction, either directly, representatively, derivatively or in any other capacity, asserting any claims that are, arise out of, or in any way relate to, the Settled Claims;

- rule on the application of Plaintiffs' Counsel for an award of attorneys' fees and expenses;

- hear and determine any objections to the Settlement and to final certification of the Class; and

- to consider other matters, including a request by Plaintiffs and Plaintiffs' Counsel for an award of attorneys' fees and reimbursement of expenses.

This Notice explains the lawsuit and the Settlement, and describes the rights that you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement. If the Court approves the Settlement, the Parties to the Action will ask the Court at the Fairness Hearing to enter an Order and Final Judgment dismissing the Action with prejudice.

## 2. What is this Action about?

This Action is a consolidated shareholder class action lawsuit that alleges that the Board of FirstMerit breached their fiduciary duties owed to each of the individual Plaintiffs and all shareholders of the Company when it entered into a definitive agreement for Huntington to acquire the Company. Additionally, Plaintiffs allege that the Board violated the federal securities laws of the United States of America by filing with the United States Securities and Exchange Commission ("SEC") a materially misleading proxy statement that sought to induce FirstMerit shareholders' support for the merger with Huntington. Defendants have denied and continue to deny each and every claim and contention alleged by the Plaintiffs in the Action.

## 3. Who are the named parties in the Action?

Plaintiffs Mary H. Wojno, in her capacity as the Trustee of the Mary H. Wojno Revocable Trust; Jack Wilkinson; and Michael Hafner (collectively, "Plaintiffs") were all shareholders of FirstMerit Corporation ("FirstMerit" or the "Company") at all times relevant hereto, and are each a member of the Class (as defined herein) that they seek to represent.

The Defendants are the Company's Board of Directors (the "Board" or the "Individual Defendants") (Paul G. Greig, John C. Blickle, Phillip A. Lloyd II, Terry L. Haines, R. Cary Blair, Karen S. Belden, Robert W. Briggs, Richard Colella, Gina D. France, J. Michael Hochschwender, Steven H. Baer, Russ M. Strobel, Lizabeth A. Ardisana, and Robert S. Cubbin); FirstMerit; Huntington Bancshares, Incorporated ("Huntington"); and West Subsidiary Corporation ("West").

## 4. Why is this a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have similar (or in this case, identical) claims. One court resolves the issues for all members of the Class. United States District Judge Benita Y. Pearson of the United States District Court for the Northern District of Ohio is in charge of this class action.

### 5. Why is there a settlement?

Plaintiffs' Counsel have reviewed and analyzed the claims asserted in the Action, including by conducting discussions with counsel to Defendants; analyzing disclosures provided by FirstMerit, confidential documents produced by Defendants, documents obtained through publicly available sources, applicable case law, and other authorities; conducting depositions; and communicating with Plaintiffs' financial consultant. Based on this investigation, Plaintiffs decided to ~~enter into the Stipulation, and~~ settle the Action ~~based upon the terms and conditions set forth therein,~~ after taking into account, among other things, (1) the benefits to the Class from the litigation of the Action and the Settlement; (2) the risks of continued litigation in this Action; and (3) the conclusion reached by the Plaintiffs and their counsel that the Settlement ~~upon the terms and provisions set forth in the Stipulation~~ is fair, reasonable, adequate, and in the best interests of the Class and has resulted in a benefit to them.

Plaintiffs' Counsel believes that the Supplemental Disclosures filed by the Company with the SEC on a Current Report Form 8-K on June 7, 2016 (the "Supplemental Disclosures") provided to FirstMerit's shareholders set forth substantial additional information that had previously been undisclosed, and thereby allowed for a more informed vote on the Merger. Plaintiffs' Counsel also recognized and acknowledged the expense and length of continued ~~proceedings necessary to prosecute the Action~~litigation against Defendants through trial and through appeals. Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. They are also mindful of the inherent problems of proof and possible defenses to the claims asserted in the Action.

Defendants have denied and continue to deny each and every claim and contention alleged by the Plaintiffs in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them as alleged in the complaints in the Action, and specifically deny that the proxy materials provided to FirstMerit and Huntington shareholders were incomplete or in any way misleading or that any additional disclosure was required under the SEC rules or any applicable legal principle. Further, Defendants have denied and continue to deny that they have committed, threatened to commit, or aided and abetted in the commission of any wrongdoing, violation of law, or breach of duty in connection with the Settled Claims and the subject matter thereof, including with respect to the proxy materials and the disclosures to FirstMerit and Huntington shareholders contained therein.

## II. WHO IS IN THE SETTLEMENT?

To know if your legal rights will be affected by the Settlement, you will first have to decide if you are a member of the Class.

### 6. Who is a member of the Class?

The "Class" includes any and all record holders and beneficial holders of FirstMerit stock who held or owned such stock at any time during the period beginning on and including January 26, 2016 through and including August 16, 2016 (the closing date of the Merger) (the "Class

Page 6

Period"), including any and all of their respective predecessors-in-interest, predecessors, successors-in-interest, successors, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns. Excluded from the Class are Defendants, members of their immediate families, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendants, and the legal representatives, heirs, successors, and assigns of such excluded Persons.

If you are not sure whether you are a member of the class, you can contact Plaintiffs' Counsel for assistance at (212) 363-7500.

### III.     HOW DID THE ACTION REACH THIS POINT?

The following recitation does not constitute findings of the Court. It is based on statements of the Parties and should not be understood as an expression of any opinion of the Court as to the merits of any of the claims or defenses raised by any of the Parties.

**7. Background of the Action**

On January 26, 2016, FirstMerit and Huntington Bancshares, Incorporated ("Huntington") announced that their respective boards of directors had approved a definitive agreement under which Huntington would acquire FirstMerit. Under the terms of the Merger, FirstMerit shareholders were entitled to receive 1.72 shares of Huntington stock and $5.00 in cash for each FirstMerit share they held.

On February 26, 2016, Mary H. Wojno ("Wojno"), in her capacity as the Trustee of the Mary H. Wojno Revocable Trust, filed the Wojno Action alleging that Defendants breached their fiduciary duties and/or aided and abetted breaches of fiduciary duties in connection with entering into the Merger.

On March 4, 2016, Huntington made its initial filing of a Registration Statement on Form S-4 with the United States Securities and Exchange Commission ("SEC"), which included the preliminary joint proxy statement/prospectus of Huntington and FirstMerit and which was amended from time to time.

On March 23, 2016, Jack Wilkinson ("Wilkinson") filed the Wilkinson Action, alleging that Defendants breached their fiduciary duties and/or aided and abetted breaches of fiduciary duties in connection with entering into the Merger and violated Section 14(a) and Section 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") by allegedly disseminating a preliminary proxy statement that was materially misleading.

On March 28, 2016, Michael Hafner ("Hafner") filed the Hafner Action alleging that Defendants breached their fiduciary duties and/or aided and abetted breaches of fiduciary duties in connection with entering into the Merger and violated Section 14(a) and Section 20(a) of the

Exchange Act by allegedly disseminating a preliminary proxy statement that was materially misleading.

On April 4, 2016, Wojno filed an amended class action and derivative complaint in the Northern District of Ohio, which included disclosure-based claims under Section 14(a) and Section 20(a) of the Exchange Act.

On April 7, 2016, Wojno and Wilkinson made a motion for limited expedited discovery, which was opposed by Defendants on April 21.

On April 29, 2016, Huntington and FirstMerit each filed the Joint Proxy with the SEC, which they assert was mailed to the respective company's stockholders.

On May 6, 2016, the Court denied Wojno's and Wilkinson's motion for expedited discovery finding that discovery was stayed pursuant to the Private Securities Litigation Reform Act of 1995 pending a decision on Defendants' forthcoming motion to dismiss.

On May 9, 2016, the Court entered proposed orders consolidating the Wojno, Wilkinson, and Hafner actions, designating the March 23, 2016 complaint filed in the Wilkinson action as the operative complaint, and establishing an organizational structure designating interim lead plaintiffs and interim co-lead counsel.

On May 18, 2016, Plaintiffs filed a motion for preliminary injunction seeking to enjoin the FirstMerit shareholder vote scheduled for June 13, 2016 until such time as Defendants supplemented the Joint Proxy as specified in the memorandum accompanying Plaintiffs' motion. On May 20, 2016, Defendants filed a motion to dismiss the operative complaint, and on May 27, 2016, Defendants filed an opposition to Plaintiffs' motion for preliminary injunction.

Between May 16, 2016 and June 6, 2016, Defendants' counsel and Plaintiffs' Counsel conducted negotiations regarding a potential settlement of the Action. On June 6, 2016, the Parties reached an agreement in principle, set forth in a Memorandum of Understanding ("MOU"), providing for settlement of the Action by and among the Parties, on behalf of themselves and the putative Class on behalf of whom Plaintiffs brought the Action.

Pursuant to the MOU, as a result of the pendency and prosecution of the Action and extensive arm's-length negotiations, Defendants agreed that, inter alia, FirstMerit would file with the SEC a Current Report on Form 8-K (the "Form 8-K") containing certain agreed-upon supplemental disclosures concerning the Merger (the "Supplemental Disclosures"). On June 7, 2016, FirstMerit filed with the SEC a Form 8-K that included, inter alia, the Supplemental Disclosures.

On June 13, 2016, the shareholders of FirstMerit and Huntington, respectively, voted in favor of the Merger. FirstMerit shareholders approved the Merger by an affirmative vote of approximately 98% of votes cast. Huntington shareholders approved the issuance of Huntington common stock in connection with the Merger by an affirmative vote of approximately 99% of votes cast. On August 16, 2016, the Merger closed.

Following shareholder approval of the Merger, pursuant to the terms of the MOU, Defendants provided Plaintiffs' Counsel with confirmatory discovery to allow Plaintiffs to confirm the fairness, reasonableness and adequacy of the proposed Settlement (the "Confirmatory Discovery"). During August 2016, Defendants produced to Plaintiffs' Counsel more than 11,500 pages of confidential documents as part of Confirmatory Discovery, including contemporaneous process-related emails and financial materials both from FirstMerit and its financial advisors.

As part of Confirmatory Discovery, Plaintiffs' Counsel also conducted depositions of FirstMerit personnel and a representative of Sandler O'Neill, FirstMerit's financial advisor. On August 31, 2016, Plaintiffs' Counsel deposed William Burgess, a Principal in Sandler O'Neill's Investment Banking Group who served as the primary advisor to FirstMerit in connection with the Merger. On September 2, 2016, Plaintiffs' Counsel deposed Paul Greig, FirstMerit's Chairman, Chief Executive Officer, and President. On September 6, 2016, Plaintiffs' Counsel deposed John Blickle, FirstMerit's lead director and the non-executive director most involved in the sales process.

### IV. WHAT ARE THE TERMS OF THE SETTLEMENT?

**8. Summary of the Settlement**

In consideration for the Settlement and the release of all Settled Claims, FirstMerit made the Supplemental Disclosures in the Form 8-K filed with the SEC on June 7, 2016. The information contained in the Supplemental Disclosures had not been included in the Joint Proxy filed with the SEC on April 29, 2016, and Plaintiffs considered such information to be material and important for FirstMerit shareholders to make a fully informed decision with respect to whether or not to vote their shares in favor of the Merger. The full text of the Supplemental Disclosures is attached to the Stipulation as Exhibit A.

Subject to the approval of the Court, the Settled Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of the Stipulation. The Settlement further provides that each and all of the Releasing Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Settled Claims (including Unknown Claims) against the Released Persons and shall have covenanted not to sue the Released Persons with respect to any or all such Settled Claims.

The Settlement also provides that the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims), based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims, except to enforce the releases, waivers, covenants-not-to-sue, or other terms and conditions contained in the Stipulation; provided, however, that the release shall not include the right of the Defendants to enforce the terms of the Stipulation and the Settlement.

### 9. Who are the "Releasing Persons"?

"Releasing Persons" means Plaintiffs Mary H. Wojno, Jack Wilkinson, and Michael Hafner and each Member of the Class (as defined above).

### 10. Who are the "Released Persons"?

"Released Persons" means each of the Defendants, and each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, funding sources, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, coinsurers, reinsurers, and associates of each and all of the foregoing.

### 11. What are the "Settled Claims"?

"Settled Claims" means any and all claims (including Unknown Claims) of any kind whatsoever that any or all of the Releasing Persons ever had or now have or could, can or might assert against any of the Released Persons which: (a) are based on his, her, or its ownership of FirstMerit common stock during the Class Period; (b) are based on any state's statute, common law or rule; any federal securities laws or rules concerning disclosure; or any "aiding and abetting" theories related thereto; and (c) arise out of or relate to, directly or indirectly, the conduct or omission by any Released Person in the process leading up to, the negotiation of, discussions concerning, and/or the terms of the Merger, or the Merger Agreement; the adequacy, accuracy, and completeness of any disclosures made by or on behalf of any Released Person relating to the Merger, including, but not limited to, the preliminary proxy, the Joint Proxy, and the Supplemental Disclosures; the allegations in any complaint or amended complaint filed in the Action; and/or the conduct or omission by any of the Released Persons in connection with the negotiation or execution of the Stipulation and the Settlement; provided, however, that the Settled Claims shall not include, (i) any claims under the federal or state securities laws alleging the existence of material inaccuracies in Huntington's financial statements (notwithstanding, Plaintiffs acknowledge that they presently have no basis to assert any inaccuracies in such financial statements), (ii) claims to enforce the Stipulation, or the Settlement, (iii) claims for appraisal under Section 1701.85 of the Ohio General Corporation Law or (iv) any claims that arise under the Hart-Scott-Rodino, Sherman, or Clayton Acts, or any other state or federal antitrust law.

## V. THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has previously appointed the law firms of Kahn Swick & Foti LLC of Madisonville, Louisiana, Levi & Korsinsky LLP, of New York, New York, and Rigrodsky & Long, P.A. of Wilmington, Delaware to represent the Class Members. These lawyers are called Class Counsel. With the exception of any granted application for an award of fees and expenses by the Court, to be paid by FirstMerit (or its insurers and/or successor(s) in interest), you will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

Plaintiffs and Plaintiffs' Counsel intend to petition the Court for an award of attorneys' fees and expenses in an amount not to exceed in the aggregate $315,000 (including costs, disbursements, and expert and consultant fees). Defendants have agreed not to oppose Plaintiffs' Counsel's application. The Stipulation provides that FirstMerit (or its insurers and/or successor(s) in interest) shall pay fees and expenses in the amount awarded by the Court as described above and in the manner directed by the Court.

Failure by the Court to award fees and expenses to Plaintiffs' Counsel in the requested amount shall not invalidate or otherwise limit any of the other terms of the Settlement. Any failure of the Court to approve a request for attorneys' fees and expenses in whole or in part shall have no impact on the effectiveness of the Settlement.

The Released Persons shall have no responsibility or liability whatsoever for the allocation of the fees and expenses award among Plaintiffs' Counsel in the Action. The Released Persons shall also have no responsibility or liability whatsoever with respect to the allocation of the fees and expenses award with respect to any other Person, entity or firm who may assert some claim thereto.

## VI.   OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 14. How do I tell the Court that I do not like the settlement?

Any member of the Class who objects to the Settlement, the Judgment to be entered in the Action, the joint application by Plaintiffs and Plaintiffs' Counsel for attorneys' fees and expenses, the class action determination, the adequacy of representation by Plaintiffs' Counsel, the dismissal of the Action, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Fairness Hearing at the Class member's expense and present evidence or argument that may be proper and relevant. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in Case No. 5:16-CV-00461, *In re FirstMerit Corporation Shareholder Litigation*, in the United States District Court for the Northern District of Ohio. The letter must include: (a) your name, address, telephone number, and signature; (b) a detailed statement of your specific objections; (c) the grounds for such objections and the reasons why you desire to appear and be heard; and (d) documents or writings that you desire the Court to consider. You must also include proof of membership in the Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of FirstMerit stock during the Class Period. If you wish to speak at the final

approval hearing, you must so state in your objection and specifically identify all witnesses, documents, or other materials you will present at the hearing.  Mail or fax the objection to each of the addresses listed below postmarked no later than [insert date].

  Off ice of the Clerk of Court [1]
  Thomas D. Lambros United States ~~Courthouse~~Court House
  125 Market Street
Youngstown, OH 44503
*See return copy instructions in footnote below.

Michael J. Palestina
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel:  (504) 455-1400
Fax: (504) 455-1498
*Attorneys for Lead Plaintiff Mary H. Wojno and Co-Lead Counsel*

Shannon L. Hopkins
LEVI & KORSINSKY, LLP
733 Summer Street, Suite 304
Stamford, CT 06901
Tel:  (212) 363-7500
Fax: (866) 367-6510
*Attorneys for Lead Plaintiff Jack Wilkinson and Co-Lead Counsel*

Brian D. Long
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310
Fax: [Counsel shall insert fax number.]
*Attorneys for Lead Plaintiff Michael Hafner and Co-Lead Counsel*

Lazar P. Raynal
William P. Schuman
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, IL  60606
Tel:  [Counsel shall insert telephone number.]
Fax: [Counsel shall insert fax number.]
*Attorneys for the Individual Defendants*

Stephen DiPrima
Benjamin Klein
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel:  [Counsel shall insert telephone number.]
Fax: [Counsel shall insert fax number.]
*Attorneys for Huntington Defendants*

---

[1] **Error! Main Document Only.**If you would like to receive a return copy from the Office of the Clerk of Court, you must include with your letter one (1) additional copy of the letter and a self-addressed stamped envelope.  The Office of the Clerk of Court will stamp both copies and return one (1) copy to you.

Unless the Court otherwise directs, no Person will be entitled to object or otherwise to be heard except upon mailing or faxing written objections as described above. Any member of the

Page 12

Class who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.

Any Class member who does not object to the Settlement, the Final Judgment to be entered in the Action, the joint application by Plaintiffs and Plaintiffs' Counsel for attorneys' fees and expenses, the class action determination, the adequacy of representation by the Plaintiffs' Counsel, or the dismissal of the Action, need not do anything.

**15. Can I opt-out of or exclude myself from the Settlement?**

The Court has ordered that, for purposes of the Settlement only, the Action has been conditionally certified as a class action and may be finally certified as a class action at the Fairness Hearing, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of the Class. If you are a Class member, you will be bound by any judgment entered in the Action whether or not you actually receive this Notice. ***You may not opt out of the Class***.

**16. Can I bring my own lawsuit against the Company?**

No. Pending final determination of whether the Settlement provided for in the Stipulation should be approved, Plaintiffs and all Members of the Class, or any of them, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement, prosecution, or instigation of any action asserting any Settled Claims (including Unknown Claims), either directly, representatively, derivatively, or in any other capacity, against any Released Person.

**17. What if I support the Settlement – must I do anything?**

No. Any Class member who does not object to the Settlement, the Final Judgment to be entered in the Action, the joint application by Plaintiffs and Plaintiffs' Counsel for attorneys' fees and expenses, the class action determination, the adequacy of representation by the Plaintiffs' Counsel, or the dismissal of the Action, need not do anything.

### VII.   THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**18. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Fairness Hearing, which will be held on _____, 201_, at _____ _.m. ECST, or at such later time as the Court may direct, at the Thomas D. Lambros United States CourthouseCourt House, 125 Market Street, Youngstown, Ohio 44503, to: (1) determine whether the Court's preliminary certifications discussed herein should be made final; (2) determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Class; (3) determine whether a Final

Page 13

Judgment should be entered pursuant to the Stipulation; (4) hear and determine any objections to the Settlement or the application of Plaintiffs' Counsel in the Action for an award of attorneys' fees and expenses; (5) consider the joint application of Plaintiffs and Plaintiffs' Counsel for an award of attorneys' fees and expenses; and (6) rule on such other matters as the Court may deem appropriate.

The Court has reserved the right to adjourn the Fairness Hearing or any adjournment thereof, including the consideration of Plaintiffs application for attorneys' fees, without further notice of any kind. The Court has also reserved the right to approve the Settlement at or after the Fairness Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

### 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyers to attend, but it is not necessary.

### 20. May I speak at the hearing?

Even if you do not object, you may ask the Court for permission to speak at the Fairness Hearing if you are a member of the Settlement Class. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in Case No. 5:16-CV-00461, *In re FirstMerit Corporation Shareholder Litigation*, in the United States District Court for the Northern District of Ohio. Your letter must include your name, address, telephone number, and signature. Your letter must also include proof of membership in the Class, by way of brokerage statement, account statement, or other document evidencing ownership of shares of FirstMerit stock during the Class Period. Your "Notice of Intention to Appear" must be postmarked or faxed no later than [insert date], and must be sent to the Court and the counsel of record identified above in Section 14.

### 21. What is the Court being asked to do at the Fairness Hearing?

If, after Notice and the Fairness Hearing provided for herein, the Court approves this Settlement, the Parties will ask the Court to enter an Order and Final Judgment, which will, among other things:

1. finally certify the Class, pursuant to the Federal Rules of Civil Procedure;

2. approve the Settlement and adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Class, pursuant to Federal Rule of Civil Procedure 23(e);

3. authorize and direct the performance of the Settlement in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the Settlement provided herein;

4. provide that, upon entry of the Judgment, each and all of the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished and discharged all Settled Claims (including Unknown Claims) against the Released Persons and shall be enjoined from suing the Released Persons with respect to any or all such Settled Claims;

5. provide that, upon entry of the Judgment, each of the Defendants and Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims), based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims, except to enforce the releases, waivers, covenants-not-to-sue, or other terms and conditions contained in the Stipulation;

6. provide that neither the MOU, the Stipulation, the Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Defendants or any Released Person; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal;

7. provide that if the Settlement does not become Final in accordance with the terms of the Stipulation, then the Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void; and

8. dismiss the Action and all of the claims alleged therein with prejudice as to all Defendants as against Plaintiffs and all Releasing Persons, with no costs awarded to any Party except as provided in the Stipulation.

## VIII. NOTICE TO PERSONS OR ENTITIES HOLDINGS SHARES ON BEHALF OF OTHERS

If you held any FirstMerit common stock as a nominee for a beneficial owner on any date from January 26, 2016 to and including August 16, 2016, then within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Notice Administrator:

FirstMerit Corporation Shareholder Notice Administrator
c/o KCC Class Action Services
P.O. Box 43434

Providence, RI 02940-3434
FirstMeritShareholderLitigation@kccllc.com

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

## IX. GETTING MORE INFORMATION

### 22. Are there more details about the Settlement?

This Notice summarizes the proposed settlement. More details are in the Stipulation of Settlement, a copy of which can be obtained by visiting the website http://www.zlk.com/zlk_news/firstmerit-corporation-shareholders-litigation or by contacting Plaintiffs' counsel in writing at the addresses identified in Section 24, below.

### 23. How do I get more information?

Inquiries or comments about the Settlement may be directed to the attention of Plaintiffs' Counsel at the following address:

Michael J. Palestina
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, LA 70447
Tel: (504) 455-1400
Fax: (504) 455-1498
***Attorneys for Lead Plaintiff Mary H. Wojno and Co-Lead Counsel***

Shannon L. Hopkins
LEVI & KORSINSKY, LLP
733 Summer Street, Suite 304
Stamford, CT 06901
Tel: (212) 363-7500
Fax: (866) 367-6510
***Attorneys for Lead Plaintiff Jack Wilkinson and Co-Lead Counsel***

Brian D. Long
RIGRODSKY & LONG, P.A.
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel: (302) 295-5310
Fax: [Counsel shall insert fax number.]

*Attorneys for Lead Plaintiff Michael Hafner and Co-Lead Counsel*

**24. Scope of this Notice**

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Action, the Stipulation, and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full details of the Action, claims that have been asserted by the Parties and the terms and conditions of the Settlement, including a complete copy of the Stipulation, members of the Class are referred to the Court files in the Action. You or your attorney may examine the Court files during regular business hours of each business day at the Office of the Clerk of Court, Thomas D. Lambros United States CourthouseCourt House, 125 Market Street, Youngstown, Ohio 44503. Questions or comments, including requests for a copy of the Stipulation and its exhibits, may be directed to Plaintiffs' Counsel. Please do not address inquiries to the Court.

**Field Code Changed**

Dated: _____, 2016