PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARY H. WOJNO, In Her Capacity as the Trustee of the MARY H. WOJNO REVOCABLE TRUST, on Behalf of Itself and All Others Similarly Situated, *et al.*, | ) ) ) ) | CASE NO. 5:16CV00461 (Lead Case) |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER AND FINAL JUDGMENT** |
| | ) | **APPROVING CLASS ACTION** |
| FIRSTMERIT CORPORATION, *et al.*, | ) ) | **SETTLEMENT AND AWARD OF** **ATTORNEYS' FEES AND EXPENSES** |
| Defendants. | ) | [Resolving ECF No. 91] |

On February 1, 2017, the Court held a Fairness Hearing to determine whether the terms

and conditions of the Stipulation of Settlement (ECF No. 91-9) dated September 28, 2016 (the

"Stipulation") , and the terms and conditions of the settlement proposed in the Stipulation (the

"Settlement") are fair, reasonable, and adequate for the settlement of all claims asserted in the

above-captioned shareholder class action ("Action"); and whether the Settlement should be

approved by this Court and the Order and Final Judgment should be entered herein.

Having considered all matters submitted to the Court at the Fairness Hearing and

otherwise, the Court issues the following orders:

1.    This Order and Final Judgment ("Judgment") incorporates and makes part hereof

the Stipulation, including the exhibits thereto.  Unless otherwise defined in this Judgment, the

capitalized terms in the Judgment have the same meaning as they have in the Stipulation.

(5:16CV00461) (Lead Case)

2.    This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3.    The dissemination of the Notice (ECF No. 93-1) pursuant to and in the manner prescribed in the Scheduling Order and Order Preliminarily Approving Proposed Settlement (ECF No. 90) entered on October 31, 2016 (the "Preliminary Approval Order"), according to the proof of such dissemination of the Notice to the Class filed with the Court (ECF No. 93), is hereby determined to be appropriate and reasonable notice under the circumstances, satisfying Fed. R. Civ. P. 23 ("Rule 23"), due process, and applicable law.

4.    The Court finds, for the sole purpose of settlement, that: (a) the Class is so numerous that joinder of all members is impracticable, thus Rule 23(a)(1) is satisfied; (b) there are questions of fact or law common to the Class, thus Rule 23(a)(2) is satisfied; (c) Plaintiffs' claims are typical of the claims of the Class, thus Rule 23(a)(3) is satisfied; (d) Plaintiffs and their counsel have and will fairly and adequately protect the interests of the Class, thus Rule 23(a)(4) is satisfied; and (e) in accordance with Rule 23(b)(1), a class action provides a fair and efficient method for adjudication of the controversy because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for Defendants, and/or, as a practical matter, the disposition of the Action will influence the disposition of any pending or future identical cases brought by other members of the Class; and/or (f) in accordance with Rule 23(b)(2), the Action alleges that Defendant acted or refused to act on grounds that apply generally to the Class, such that final injunctive relief is appropriate respecting the Class as a whole.

2

(5:16CV00461) (Lead Case)

5.    Accordingly, the Court finds that the Action is a proper class action, for settlement purposes only, and hereby certifies the Action as a class action under Rules 23(a) and (b)(1) and/or (b)(2) on behalf of a non-opt-out class (the "Class") consisting of all record holders and beneficial holders of FirstMerit stock who held or owned such stock at any time during the period beginning on and including January 26, 2016 through and including August 16, 2016 (the closing date of the Merger) (the "Class Period"), including any and all of their respective predecessors-in-interest, predecessors, successors-in-interest, successors, trustees, executors, administrators, estates, heirs, assigns, and transferees, immediate and remote, and any Person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors-in-interest, predecessors, successors-in-interest, successors, and assigns. Excluded from the Class are Defendants, members of their immediate families, and any Person, firm, trust, corporation or other entity related to, controlled by, or affiliated with, any Defendants, and the legal representatives, heirs, successors, and assigns of such excluded Persons.

6.    The Court hereby certifies, for settlement purposes only, Plaintiffs Mary H. Wojno, Jack Wilkinson, and Michael Hafner as Class Representatives, and their counsel, Kahn Swick & Foti, LLC, Levi & Korsinsky LLP, Rigrodsky & Long, P.A. as Class Counsel.

7.    The Court approves the Stipulation and the Settlement set forth therein as fair, reasonable, adequate, and in the best interests of Plaintiffs and the other members of the Settlement Class.  The Stipulation and the terms of the Settlement as described in the Stipulation are hereby approved in their entirety.  The Parties to the Stipulation are hereby authorized and directed to consummate the Settlement in accordance with the terms and provisions of the

3

(5:16CV00461) (Lead Case)

Stipulation.

8.    The Action, and all of the claims alleged therein, are hereby dismissed on the merits with prejudice as to all Defendants as against Plaintiffs and each and all Releasing Persons (including all Members of the Class), with no costs awarded to any Party except as provided herein.

9.    As set forth in the Stipulation, and without limiting the breadth of the Stipulation, this Judgment shall not constitute any evidence or admission by any party herein that any acts of wrongdoing have been committed by any of the Parties to the Action and should not be deemed to create any inference that there is any liability therefore.

10.    Upon entry of this Judgment, each and all of the Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished and discharged all Settled Claims (including Unknown Claims) against the Released Persons and shall be enjoined from suing the Released Persons with respect to any or all such Settled Claims. For the avoidance of doubt:

(a)    "Releasing Persons" means Plaintiffs Mary H. Wojno, Jack Wilkinson, Michael Hafner, and each Member of the Class (as defined above).

(b)    "Released Persons" means each of the Defendants, and each of their respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities,

4

(5:16CV00461) (Lead Case)

stockholders, principals, officers, managers, directors, managing directors,

members, managing members, managing agents, predecessors,

predecessors-in-interest, successors, successors-in-interest, assigns, financial or

investment advisors, advisors, consultants, investment bankers, funding sources,

entities providing any fairness opinion, underwriters, brokers, dealers, lenders,

commercial bankers, attorneys, personal or legal representatives, accountants,

insurers, coinsurers, reinsurers, and associates of each and all of the foregoing.

(c)   "Settled Claims" means any and all claims (including Unknown Claims) of

any kind whatsoever that any or all of the Releasing Persons ever had or now have

or could, can or might assert against any of the Released Persons which: (a) are

based on his, her, or its ownership of FirstMerit common stock during the Class

Period; (b) are based on any state's statute, common law or rule; any federal

securities laws or rules concerning disclosure; or any "aiding and abetting"

theories related thereto; and (c) arise out of or relate to, directly or indirectly, the

conduct or omission by any Released Person in the process leading up to, the

negotiation of, discussions concerning, and/or the terms of the Merger, or the

Merger Agreement; the adequacy, accuracy, and completeness of any disclosures

made by or on behalf of any Released Person relating to the Merger, including,

but not limited to, the preliminary proxy, the Joint Proxy, and the Supplemental

Disclosures; the allegations in any complaint or amended complaint filed in the

Action; and/or the conduct or omission by any of the Released Persons in

(5:16CV00461) (Lead Case)

connection with the negotiation or execution of the Stipulation and the
Settlement; provided, however, that the Settled Claims shall not include, (i) any
claims under the federal or state securities laws alleging the existence of material
inaccuracies in Huntington's financial statements (notwithstanding, Plaintiffs
acknowledge that they presently have no basis to assert any inaccuracies in such
financial statements), (ii) claims to enforce this Stipulation, or the Settlement, (iii)
claims for appraisal under Section 1701.85 of the Ohio General Corporation Law
or (iv) any claims that arise under the Hart-Scott-Rodino, Sherman, or Clayton
Acts, or any other state or federal antitrust law.

(d)     "Unknown Claims" means any claim, cause of action, damage or harm
which any or all of the Releasing Persons do not know or suspect to exist at the
time of the release of the Released Persons which, if known by him, her or it,
might have affected his, her or its Settlement with and release of the Released
Persons, or might have affected his, her or its decision not to object to this
Settlement.  With respect to any and all Settled Claims, the Parties stipulate and
agree that, upon the Effective Date, the Plaintiffs shall expressly, and each of the
Releasing Persons shall be deemed to have, and by operation of the Judgment
shall have, waived and relinquished, to the fullest extent permitted by law, the
provisions, rights and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST

6

(5:16CV00461) (Lead Case)

> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT
> WITH THE DEBTOR.

Upon the Effective Date, each of the Releasing Persons shall be deemed to have,

and by operation of the Judgment shall have, expressly waived any and all

provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law or international or foreign law, which

is similar, comparable or equivalent to California Civil Code §1542.  The

Releasing Persons may hereafter discover facts in addition to or different from

those which he, she or it now knows or believes to be true with respect to the

subject matter of the Settled Claims, but each Releasing Person, upon the

Effective Date, shall be deemed to have, and by operation of the Judgment shall

have, fully, finally, and forever settled and released any and all Settled Claims and

Unknown Claims, known or unknown, suspected or unsuspected, contingent or

non contingent, whether or not concealed or hidden, which now exist, or

heretofore have existed or hereafter may exist, upon any theory of law or equity

now existing or coming into existence in the future, including, but not limited to,

conduct which is negligent, intentional, with or without malice, or a breach of any

duty, law or rule, without regard to the subsequent discovery or existence of such

different or additional facts.  The Parties acknowledge, and the Releasing Persons

shall be deemed by operation of the Judgment to have acknowledged, that the

foregoing waiver was separately bargained for and a material element of the

Settlement of which this release is a part.

7

(5:16CV00461) (Lead Case)

11.    Upon entry of the Judgment, each of the Defendants and Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged, Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including Unknown Claims), based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action or the Settled Claims, except to enforce the releases, waivers, covenants-not-to-sue, or other terms and conditions contained in the Stipulation.

12.    Neither the Memorandum of Understanding ("MOU"), the Stipulation, this Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Settled Claim, or of any wrongdoing or liability of the Defendants or any Released Person; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    After consideration of Plaintiffs' application for reasonable fees and reimbursement of expenses, Plaintiffs' Counsel is hereby awarded $ 315,000.00 in attorneys' fees and expenses,

(5:16CV00461) (Lead Case)

which amounts the Court finds to be fair and reasonable. This amount shall be paid pursuant to the provisions of the Stipulation. Neither counsel representing Plaintiffs in the Action nor Plaintiffs shall make any further or additional application for attorneys' fees and expenses in connection with the Action to the Court or any other court, except as contemplated by the Stipulation. Plaintiffs' Counsel shall be jointly and severally obligated to return to FirstMerit or its successor in interest any excess amounts paid as attorneys' fees and costs plus accrued interest if, as a result of any appeal and/or further proceedings or remand, or successful collateral attack, the fee or cost award is lowered or reversed. An appeal of the portion of this Judgment awarding attorneys' fees and expenses shall have no effect on the finality of any other portion of the Judgment.

14. The Class Action Fairness Act ("CAFA") Notice has been given to the relevant public officials; proof of the mailing of the CAFA Notice was filed with the Court (ECF No. 92); and full opportunity to be heard has been offered to all recipients of the CAFA Notice. The CAFA Notice is hereby determined to have been given in compliance with each of the requirements of 28 U.S.C. § 1715.

15. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. If the Effective Date does not occur for any reason, unless the Parties otherwise agree in writing as contemplated in the Stipulation, the Parties shall be restored to their respective positions in the Action as of the time immediately prior to the date of the execution of the MOU, except that nothing herein shall be construed to require rescission of the Merger, in

(5:16CV00461) (Lead Case)

whole or in any part.  In such event, the other terms and provisions of the Stipulation, except for

Plaintiffs' Counsels' joint and several obligations to make refunds or repayments, plus accrued

interest, to FirstMerit or its successor-in-interest, shall have no further force or effect with respect

to the Parties and neither this Judgment, the Stipulation nor the MOU, the contents of these

document or any negotiations, statements or proceedings in connection therewith, or any

documents or statements made in connection with Confirmatory Discovery, shall be used in the

Action or in any other proceeding for any purpose, and any judgment or order entered by the

Court prior to the date of such event in accordance with the terms of the Stipulation shall be

treated as vacated by an order entered *nunc pro tunc*.

17.    Without affecting the finality of this Judgment in any way, this Court reserves

jurisdiction over all matters relating to the administration, consummation, and enforcement of the

Settlement and this Judgment.

18.    This Judgment constitutes entry of final judgment pursuant to Fed. R. Civ. P. 58.

19.    The instant case and the member cases 5:16-CV-00723 and 5:16-CV-00762 are

hereby terminated.

20.    The Clerk of the Court is directed to enter and docket this Judgment.


IT IS SO ORDERED.


 February 2, 2017                              /s/ Benita Y. Pearson
Date                                         Benita Y. Pearson
                                             United States District Judge

10